# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| SHAWN ORZO FENIMORE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:25-cv-739 |
| v. | § | Judge Mazzant |
| | § | |
| WAL-MART STORES EAST, LP, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Wal-Mart Stores East, LP's ("Defendant") Motion for Summary Judgment (Dkt. #16). Having considered the Motion, the lack of opposition, and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

On August 18, 2023, Plaintiff Shawn Orzo Fenimore ("Plaintiff") was delivering freight to Defendant (Dkt. #2). When he approached Defendant's dock attendant, Plaintiff "tripped due to a premise defect – a deep, uneven, and damaged portion of the parking lot, causing him to lose his balance and fall forward" (Dkt. #2 at p. 2). Plaintiff "extended his left hand to help break his fall," and "broke the fourth metatarsal of his left hand and strained his wrist" (Dkt. #2 at p. 2). He alleges his injuries were "a direct result of the premise defect" (Dkt. #2 at p. 2). To link the defect to Defendant, Plaintiff alleges that Defendant's agents failed to inspect and maintain the parking lot area, failed to maintain the parking lot in a reasonably safe condition, and failed to give adequate warnings to Plaintiff (Dkt. #2). He filed suit in Texas state court on June 5, 2025 (Dkt. #2). The case was removed to this Court on the basis of diversity jurisdiction on July 9, 2025 (Dkt. #1).

On December 18, 2025, Defendant filed its motion for summary judgment (Dkt. #16). Plaintiff had twenty-one days to file a response. LOCAL RULE CV-7(e). He has not. Nor has he sought leave to file an untimely response. The Court will therefore exercise its discretion to enforce its Local Rule and deem the factual allegations in Defendant's motion for summary judgment uncontroverted. LOCAL RULE CV-7(e). As such, the motion is now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or

2

defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears

the burden of proof, the movant may discharge the burden by showing that there is an absence of

evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News,*

*Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for

summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."

*Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative

evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257.

Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal

memoranda will not suffice to carry this burden. *See Solomon v. Hou. Corrugated Box Co.*, 526 F.2d

389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the

nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*,

672 F.2d 436, 440 (5th Cir. 1982) (citation modified). The Court must consider all of the evidence

but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor*

*Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendant seeks summary judgment on a variety of grounds. It is necessary to address only

one: Defendant's position that its parking lot was not unreasonably dangerous as a matter of law.[1]

---

[1]  The Court examines the claims at issue as premises-liability claims, rather than contemporaneous activity claims. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) ("This case was properly tried and submitted as a premises-liability case, as Smith primarily complained of Del Lago's nonfeasance—its failure to remedy an unreasonably dangerous condition . . . ."). Texas law governs substantive issues in this case because the Court has diversity jurisdiction. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

A condition is unreasonably dangerous if "there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 803 (Tex. 2022) (per curiam) (citation modified). In *McIntire*, a customer tripped over a 3/4 inch divot in a grocery store parking lot. *Id.* at 801. The trial court granted summary judgment for the grocery store owner, and the court of appeals reversed, finding that questions of fact precluded summary judgment. *Id.* The Texas Supreme Court affirmed the trial court. *Id.* In doing so, the Texas Supreme Court explained that "[t]iny surface defects in pavement are ubiquitous and naturally occurring." *Id.* at 803. Therefore, it reasoned, "reasonable invitees know that parking lots are not perfectly flat and even, and they use caution when exiting their vehicles." *Id.* (footnote omitted). The Texas Supreme Court thus held that the divot was not unreasonably dangerous as a matter of law. *Id.* at 802–03.

Here, the alleged defect looks like nothing more than the type of ubiquitous condition the Texas Supreme Court deemed insufficient to survive summary judgment in *McIntire*:



(Dkt. #16-2).

4

As Defendant sees it, the "deep, uneven, and damaged" portion of the parking lot that Plaintiff describes is no more than a "minor, naturally-occurring crack in concrete" (Dkt. #16 at p. 6). Without a response providing controverting facts or arguments distinguishing *McIntire*, the Court cannot conclude that a fact issue exists as to the unreasonably dangerous nature of the crack in Defendant's parking lot. It is therefore unnecessary to reach Defendant's remaining arguments regarding the open and obvious nature of the alleged defect. Summary judgment will be granted.

CONCLUSION

It is therefore **ORDERED** that Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment (Dkt. #16) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff's claims are **DISMISSED with prejudice**.

The Court will issue a separate final judgment.

**IT IS SO ORDERED.**

 **SIGNED this 29th day of April, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE