# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHAWN ORZO FENIMORE, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-739 |
| | § | Judge Mazzant |
| WAL-MART STORES EAST, LP, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Shawn Orzo Fenimore's ("Plaintiff") Motion for Relief from Order and Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (the "Motion") (Dkt. #25). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

On August 18, 2023, Plaintiff was delivering freight to Defendant Wal-Mart Stores East, LP ("Defendant") (Dkt. #2). When he approached Defendant's dock attendant, Plaintiff "tripped due to an alleged premise defect—a deep, uneven, and damaged portion of the parking lot, causing him to lose his balance and fall forward" (Dkt. #2 at p. 2). Plaintiff "extended his left hand to help break his fall," and "broke the fourth metatarsal of his left hand and strained his wrist" (Dkt. #2 at p. 2). He alleges his injuries were "a direct result of the premise defect" (Dkt. #2 at p. 2). To link the defect to Defendant, Plaintiff alleges that Defendant's agents failed to inspect and maintain the parking lot area, failed to maintain the parking lot in a reasonably safe condition, and failed to give adequate warnings to Plaintiff (Dkt. #2). He filed suit in Texas state court on June 5, 2025 (Dkt. #2). The case was removed to this Court on the basis of diversity jurisdiction on July 9, 2025

(Dkt. #1). On December 18, 2025, Defendant filed its Motion for Summary Judgment (Dkt. #16). Plaintiff had twenty-one days to file a response. LOCAL RULE CV-7(e). He did not. Nor did he seek leave to file an untimely response. The Court then exercised its discretion to enforce its Local Rule and deemed the factual allegations in Defendant's Motion for Summary Judgment uncontroverted (Dkt. #23). LOCAL RULE CV-7(e). On April 29, 2026, the Court ultimately granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claims with prejudice (Dkt. #23). On April 29, 2026, the Court entered final judgment (Dkt. #24).

On July 31, 2026, staff for Plaintiff's counsel corresponded with Defendant's counsel to set up a site visit at the Walmart store where Plaintiff fell (Dkt. #25-1). Defendant's counsel then informed Plaintiff's counsel that the Court dismissed the lawsuit (Dkt. #25-1). On August 14, Plaintiff filed the present Motion, requesting the Court to grant Plaintiff relief from the final judgment entered and reopen the case (Dkt. #25). Plaintiff's justification is that his counsel never received notice of Defendant's Motion for Summary Judgment and the Court's order dismissing the claims because Plaintiff's counsel had the wrong email listed on CM/ECF (Dkt. #25 at pp. 5–6). On August 25, 2026, Defendant filed its response (Dkt. #26). On August 26, 2026, Plaintiff filed his reply (Dkt. #27).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect*; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b) (emphasis added). The burden of establishing at least one of the grounds for Rule 60(b) relief is on the movant. *Osborne v. Belton*, 131 F.4th 262, 270 (5th Cir. 2025) (per curiam); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). "Rule 60(b) vests in [the Court] power 'adequate to enable [it] to vacate judgments whenever such action is appropriate to accomplish justice.'" *Webb v. City of Huntsville*, No. 4:17-CV-3829, 2020 WL 11564115, at *2 (S.D. Tex. Aug. 10, 2020) (quotations omitted). The discretion of the Court is not unbounded, though. *Id.* Factors that should inform the Court's consideration of a Rule 60(b) motion include the following:

> (1) that final judgments should not lightly be disturbed;
>
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal;
>
> (3) that the rule should be liberally construed in order to achieve substantial justice;
>
> (4) whether the motion was made within a reasonable time;
>
> (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
>
> (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present her claim or defense;
>
> (7) whether there are intervening equities that would make it inequitable to grant relief; and
>
> (8) any other factors relevant to the justice of the judgment under attack.

*Id.* These factors are to be considered in the light of the great desirability of preserving the principle of the finality of the judgments. *Id.*

When applying Rule 60(b), the Fifth Circuit emphasizes the importance of analyzing the diligence of a party in prosecuting his claims. *Id* n.2. (citing *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019)). Rule 60(b)(1) allows for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "The Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Trevino*, 944 F.3d at 571 (citation omitted). Therefore, [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. *Id.* (citation omitted). A district court abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of the court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993); *see also* 11 Mary Kay Kane & Allan Stein, *Federal Practice & Procedure* § 2858 (3d ed.), Westlaw FPP § 2858 (database updated Apr. 2026).

Rule 60(b)(6) "is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions. Rule 60(b)(6) motions will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citations omitted). But, relief under 60(b)(6) is mutually exclusive from relief available under sections (1)–(5), meaning an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brough through one of the Rule's first five subsections. *Smith-Hubbard v. AMICA Mut. Ins. Co.*, No. 23–40331, 2024 WL 747249, at *3 (5th Cir. Feb. 23, 2024) (citations omitted); *see also Hess*, 281 F.3d at 215.

## ANALYSIS

Nearly eight months after Defendant filed its Motion for Summary Judgment (Dkt. #16) and three months after the Court granted the motion, dismissing his claims with prejudice, Plaintiff finally obtained notice of what had occurred. While the Court is sympathetic to the mistakes that Plaintiff's counsel made, which ultimately led to Plaintiff's case being dismissed, the Court finds that the noncompliance with the Court's scheduling order and Local Rules lead to the conclusion that this case should remain final. In equity, the Court hopes that [parties] should not be punished for [their] attorneys' mistakes absent a clear record of delay, willful contempt or contumacious conduct. *Blois v. Friday*, 612 F.2d 938, 940 (Former 5th Cir. 1980). However, civil litigants are "accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 397 (1993). Here, Plaintiff's counsel does not know how his defunct email address became associated with his name in the CM/ECF system and requests that the Court find his neglect excusable (Dkt. #25 at p. 5–8). But, Plaintiff's counsel was in the best position to ensure that his own email was working properly and should have been monitoring the docket closely, considering the deadlines agreed to in the Scheduling Order (Dkt. #13). *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021). Unfortunately, Plaintiff's counsel's gross negligence and ignorance of the local rules are insufficient bases for Rule 60(b)(1) relief, and this Court would abuse its discretion by re-opening the case. *Trevino*, 944 F.3d at 571.

Federal Rule of Civil Procedure 5 provides that a written motion can be served by sending it to a registered user by filing it with the Court's electronic filing system unless the filer learns that it did not reach the person to be served. FED. R. CIV. P. 5(b)(2)(E). Local Rule CV-5(a)(2)(A) provides that:

> "[t]he clerk shall register all attorneys admitted to the bar of this court . . . as Filing Users of the Court's Electronic Filing System. Registration as a Filing User constitutes consent to electronic service of all documents as provided in these rules in accordance with the Federal Rules of Civil [] Procedure . . . [a]fter registration, *attorneys are required to maintain their own account information*, *including changes in e-mail address*. Documents sent from the Court will be deemed delivered if sent to the last known e-mail address given to the Court.

LOCAL RULE CV-5(a)(2)(A) (emphasis added). Local Rule CV-5(a)(3)(A) further provides that:

> "Electronic transmission of a document to the Electronic Filing System consistent with these rules, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes and constitutes entry of the document n the docket kept by the clerk. Receipt by the filing party of a Notice of Electronic Filing from the Court is *proof of service of the document on all counsel who are deemed to have consented to electronic service*.

*Id.* CV-5(a)(3)(A).

In *Rollins*, the Fifth Circuit affirmed the district court's denial of relief on facts similar to those here. Citing Federal Rule of Civil Procedure 5(b)(2)(E) and *Trevino*, 944 F.3d at 571, the Fifth Circuit stressed that the failure to file a response to a summary judgment that was later granted was within counsel's "reasonable control." 8 F.4th at 396. Because Rule 5 was satisfied, "counsel was plainly in the best position to ensure that his own email was working properly—certainly more so than either the district court or [defendant]. *Id.* Like here, counsel could have checked the docket after the Scheduling Order's December 18, 2025, deadline for dispositive motions had already passed (Dkt. #13). *Id.* (citing *Trevino*, 944 F.3d at 571). Instead, nearly eight months after that deadline did Plaintiff's counsel follow up on the status of the case. If Plaintiff's counsel believed that the case was ongoing, then on July 31, 2026, counsel should have already filed motions in limine, proposed jury instructions, and joint final pretrial order with the case's final pretrial conference scheduled for August 6, 2026 (Dkt. #13).

Plaintiff attempts to distinguish caselaw like *Long v. James*, 667 F. App'x 862, 863–64 (5th Cir. 2016) (per curiam), where the Fifth Circuit again affirmed denial of relief when counsel claimed he did not receive CM/ECF emails notifying him of the defendant's motion for summary judgment. There, the Fifth Circuit affirmed in part because counsel was put on notice that the defendants intended to file a dispositive motion prior to the filing deadline. *Id.* Here, Plaintiff argues *Long* is inapplicable because Defendant never put Plaintiff on notice that Defendant was going to file its Motion for Summary Judgment (Dkt. #27 at 2–3). However, the Fifth Circuit affirmed the district court's ruling also because counsel had a duty of diligence and counsel had "ample opportunity to check the district court docket in the [*seventy-nine*] days between the motion's filing and the district court's judgment. *Id.* at 863 (emphasis added). Instead of seventy-nine days passing without counsel monitoring the docket, 132 days passed here between the time Defendant filed its Motion for Summary Judgment and the Court entered judgment. Furthermore, counsel only learned on July 31, 2026, which would total 225 days of not monitoring the docket. In *AMICA*, the Fifth Circuit affirmed denial when counsel was unable to explain why he did not check the docket for four months. *AMICA*, 2024 WL 747249, at *2. Here, counsel has not explained how nearly seven months went by without checking the docket (*See* Dkt. #25; Dkt. #27).

While Plaintiff argues that this chain of events amounts to excusable neglect, the Court, unfortunately, must disagree (Dkt. #25 at pp. 4–9). As another district judge put it, "[t]he record, however, paints a picture of gross carelessness, not excusable neglect." *Dedeaux v. Hancock Cnty*, No. 1:24-CV-14, 2026 WL 800209, at *4 (S.D. Miss. Mar. 23, 2026). On one hand, the excusable neglect exception contemplates "single instances of 'unforeseeable human error beyond their reasonable control.'" *Id.* (quoting *Coleman Hammons Constr. Co. v. Occupational Safety & Health*

*Rev. Comm'n*, 942 F.3d 279, 284 (5th Cir. 2019)). Gross carelessness, on the other hand, requires repeated "failures to comply with the rules." *Id.* (citing *Razvi v. Dall. Forth Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, at *5 (5th Cir. Sept. 16, 2022). Here, counsel committed gross carelessness, not excusable neglect, through his repeated failures to comply with the local rules on CM/ECF, not checking the docket, and not satisfying his duty of diligence to inquire about the status of the case. *See Trevino*, 944 F.3d at 571. Therefore, Plaintiff is not entitled to relief from the final judgment on Rule 60(b)(1) grounds.

Moreover, Plaintiff is not entitled to relief from the final judgment on Rule 60(b)(6) grounds. Rule 60(b)(6) "is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions. Rule 60(b)(6) motions will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. But, relief under 60(b)(6) is mutually exclusive from relief available under sections (1)–(5), meaning an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections. *AMICA*, 2024 WL 747249, at *3; *see also Hess*, 281 F.3d at 215.

Here, Plaintiff request for relief falls under the enumerated provision of Rule 60(b)(1). The chain of events that led to the final judgment is a situation covered by Rule 60(b)'s other enumerated provisions and mutually exclusive with Rule 60(b)(6). As separate grounds for Rule 60(b)(6) relief, Plaintiff argues that associate attorney Richard Smith should have been included on Defendant's service list and that Defendant knew from Plaintiff's filings and disclosures that the correct email for service was "service@houstonmsmith.com" instead of the one on CM/ECF or "service@houstonsmith.com" that was listed on Defendant's notice of removal documents. However, Defendant complied with the local rules and Rule 5 on the service of its Motion for

Summary Judgment (Dkt. #16). *See* FED. R. CIV. P. 5; LOCAL RULE CV-5(a)(2)(A); *Id.* CV-5(a)(3)(A). Furthermore, Plaintiff, not Defendant, was in the best position to ensure his own email was working properly, he was receiving CM/ECF notifications, and he was monitoring the docket closely. *Rollins*, 8 F.4th at 396. Therefore, Plaintiff is not entitled to relief from the final judgment on Rule 60(b)(6) grounds.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Shawn Orzo Fenimore's Motion for Relief from Order and Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. #25) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 14th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE